UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY C. ERICKSON and ALEKSANDRA MAKAROVA,

    Plaintiffs,

v.

INDYMAC BANK, et al,

    Defendants.

CASE NO. C11-1527RSM

ORDER OF DISMISSAL

This matter is before the Court for consideration of defendants' motion to dismiss, Dkt. # 4, together with plaintiffs' late-filed motion for extension of time to respond, Dkt. # 8. For the reasons set forth below, the Court shall deny the motion for an extensions of time as untimely, and grant the motion to dismiss, without prejudice to re-filing certain claims in state court.

## DISCUSSION

Plaintiffs Gregory Erickson and Aleksandra Makarova, appearing *pro se*, filed this action for wrongful foreclosure, breach of contract, unjust enrichment, and other wrongs in this Court on September 14, 2011. Dkt. # 1. The complaint asserts that the case "arises out of a dispute between the parties concerning the first mortgage on Plaintiff's property" located at a given address in Redmond,

ORDER - 1

Washington, but is otherwise devoid of factual allegations. Complaint, ¶ 2. The bulk of the complaint is devoted to a discussion of "recent legal theirtory [sic] of missing mortgage notes and its application to the instant case," and thus represents a typical "show me the note" complaint with which the courts have become familiar in mortgage foreclosure actions. Courts have routinely held that this "show me the note" argument lacks merit. *Wallis v. IndyMac Federal Bank, et al.,* 717 F. Supp. 2d 1195, 2000 (W.D.Wash. 2010) (citing cases).

Defendants filed a motion to dismiss the complaint for failure to state a claim, noting, in addition to the Fed.R.Civ.P. 12(b)(6) arguments, that plaintiffs had earlier filed a substantially similar complaint regarding their mortgage in this Court, and it was dismissed with prejudice. Dkt. # 4. The instant motion to dismiss was filed on October 26, 2011 and noted for consideration on the Court's calendar for November 18, 2011. Plaintiff's response was due November 14, 2011 under the rules of this Court. Local Rule CR 7(d)(3). Under the same rules, if a party fails to file opposition to a motion, the failure may be deemed by the Court as an admission that the motion has merit. Local Rule CR 7(b)(2).

Plaintiffs failed to file any opposition on November 14. Instead, on November 15, an attorney appeared and filed an un-noted "motion for extension of deadline," asking the Court to extend the deadline for responding to the motion to dismiss. Dkt. # 8. The motion states that "Counsel was recently retained by Plaintiffs and requires additional time to review the case documents and respond to the Defendants [sic] Motion to Dismiss." *Id*.

A motion for extension of time filed after expiration of a deadline must demonstrate excusable neglect to justify disregard of the deadline. Fed.R.Civ.P. 6(b)(1)(B). Plaintiffs' motion was filed after expiration of the deadline for plaintiffs' opposition and must therefore demonstrate excusable neglect. Counsel's statement that she was "recently retained" and requires additional time to review the case fails to assert any cognizable basis for the Court to find excusable neglect. In particular, it does not state when she was retained, why she could not have been retained earlier, or why she could not have filed the motion before the deadline expired. The motion for extension of time shall accordingly be denied.

This result is not prejudicial to plaintiffs. The Court has carefully considered the complaint and plaintiffs' previously-dismissed action, and finds that this motion to dismiss has merit. Plaintiffs'

ORDER - 2

similar "show me the note" complaint in the earlier action was dismissed for failure to state a claim. *Gregory Erickson, et al., v. Indymac Bank, et al.,* C11-598RAJ, Dkt. # 14. That complaint was filed shortly before the foreclosure sale of plaintiffs' home. Plaintiffs requested as relief an injunction to stop the foreclosure, and an order compelling defendants to respond to plaintiffs' "Qualified Written Response," apparently by producing a copy of the promissory note. *Id.*, Dkt. # 1, p. 5. In this case, which was filed after foreclosure, plaintiffs request injunctive relief which will stop "the attempted taking [of] Plaintiff's property by Defendant until Defendant has complied with Plaintiff's 'Qualified Written Response,'" together with treble damages in the amount of $1,450,000. Dkt. # 1, pp. 8-9.

As noted in the Court's previous Order, the Washington Deed of Trust Act provides that a grantor may bring a court action to restrain a foreclosure sale "on any proper . . . ground." RCW 61,24.130(1). However, the court may not enjoin the sale unless the grantor has given the trustee five days' notice of a hearing and paid into court the bonded amount. RCW 61.24.130(2). If a party fails to restrain the foreclosure sale, the Deed of Trust Act makes no provision for setting aside the sale after it has occurred. *Plein v. Lackey*, 149 Wash. 2d 214, 228 (2003). As a result, a party waives "any objection to the trustee's sale . . . where presale remedies are not pursued. *Id.* at 229. Waiver occurs when a party (1) receives notice of the right to enjoin the sale, (2) has actual or constructive knowledge of a defense to foreclosure before the sale, and (3) failed to bring an action to obtain a court order enjoining the sale. *Id.* at 227.

These principles were explained to plaintiffs earlier. In dismissing the earlier action, the Court stated,

> In general, RCW 61.24.130 provides the only basis for a borrower to obtain [an] injunction against a foreclosure sale. *See Cox v. Helenius*, 103 Wn.2d 383, 388 (1985). If a borrower does not seek an injunction under RCW 61.24.130 to halt the foreclosure sale, the borrower waives any claims related to the underlying debt or the foreclosure sale process. *See Brown v. Household Realty Corp.*, 146 Wn. App. 157, 160 (2008).
>
> There is only one exception to this waiver: a borrower's failure to enjoin a foreclosure sale does not waive any claims for monetary damages based on fraud, misrepresentation, Deed of Trust Act violations, or Consumer Protection Act violations. *See* RCW 61.24.127(1)-(2). But Plaintiffs have not requested monetary damages in this case.

*Gregory Erickson, et al., v. Indymac Bank*, C11-598RAJ, Dkt. # 14, p. 3-4. Nevertheless, plaintiffs

ORDER - 3

again seek an injunction, this time against defendants' "taking" of their property, together with monetary damages.

The Court's earlier order is dispositive of plaintiff's repeated "show me the note" arguments and request for an injunction. Not only were all claims relating to the underlying mortgage and the foreclosure waived by their failure to proceed properly under RCW 61.24.130, they are barred by the doctrine of issue preclusion from re-litigating these claims here.

However, plaintiffs' request for damages, which was not present in the earlier complaint, arguably is not barred by the previous litigation, and arguably fits within the exception noted above for claims for monetary damages based on fraud, misrepresentation, Deed of Trust Act violations, or Consumer Protection Act violations. *See*, RCW 61.24.127(1)-(2). Plaintiffs' complaint does not actually state any such causes of action other than to list them in the caption. *See*, Complaint, Dkt. # 1. Nevertheless, the Court shall dismiss the complaint and action without prejudice to bringing such surviving claims as they may have under RCW 61.24.127 in state court.[1]

## CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Plaintiffs' untimely motion for an extension of time to respond (Dkt. # 8) is DENIED; and

(2) Defendants' motion to dismiss (Dkt. # 4) is GRANTED, and this action is DISMISSED. This dismissal is without prejudice only as to state law claims for monetary damages under RCW 61.24.127.

Dated this 7th day of December 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Dismissal with leave to amend is not possible, as this Court would not have jurisdiction over a complaint asserting these state law causes of action, due to the presence of a non-diverse defendant, trustee Regional Trustee Services, Inc. The trustee is a necessary party under RCW 61.24.127(1)(c).

ORDER - 4